# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **SHIRLEY BARNETT** | **CASE NO. 3:24-CV-00863** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **WAL-MART INC ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (R. Doc. 18) filed by the defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC (together "Walmart"). The plaintiff, Shirley Barnett ("Ms. Barnett") opposes (R. Doc. 22), and Walmart has filed a Reply (R. Doc. 23).

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

### I.  BACKGROUND

Ms. Barnett tripped and fell on a rug in a Walmart store in Bastrop, Louisiana. R. Doc. 1-2 at 1; R. Doc. 18-1 at 5. As a result of the incident, Ms. Barnett allegedly sustained "both substantial physical injuries and subsequent mental anguish, and aggravation of pre-existing injuries." R. Doc. 1-2 at 2. Ms. Barnett thus sued Walmart on December 29, 2023, in state court, asserting that Walmart's negligence caused her injuries. *Id.* at 1–3. On June 27, 2024, Walmart removed the lawsuit to this Court, invoking diversity jurisdiction. *See* R. Doc. 1. Walmart now seeks summary judgment in its favor, contending that a flat rug does not pose an unreasonable risk of harm— fatal to a necessary element of Ms. Barnett's claim. *See* R. Doc. 5.

## II. LEGAL STANDARD

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Hyatt v. Thomas,* 843 F.3d 172, 177 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Id.* (internal quotations omitted). In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil & Gas Corp.,* 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (cleaned up). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

## III. ANALYSIS

The Louisiana Merchant Liability Act, La. R.S. § 9:2800.6, establishes the plaintiff's burden of proof in trip-and-fall claims against merchants like Walmart:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, *the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:*
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
> ...

La. R.S. § 9:2800.6 (emphasis added). A plaintiff must prove each of the three elements set forth in the Act; this "places a heavy burden of proof on plaintiffs in

claims against a merchant for damages arising out of a fall on the premises." *Jones v. Brookshire Grocery Co.*, 847 So.2d 43, 48 (La. App. 2 Cir. 5/14/03). Moreover, the burden of proof never shifts to the defendant. *Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513, 515 (La. App. 3 Cir. 2011) (citing *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997)). Thus, the Act is a "decidedly pro-defendant statute." *Welch v. Winn-Dixie Louisiana, Inc.*, 655 So.2d 309, 314 (La. 1995).

Ms. Barnett's claim fails here for the simple fact that a flat, ordinary floor rug does not pose an unreasonable risk of harm. *Borruano v. City of Plaquemine*, 720 So.2d 62, 65 (La. App. 1st Cir. 1998) ("The determination that the mere existence of a standard floor mat at the entranceway inside the public building constituted an unreasonable risk of harm to this plaintiff defies not only the judicially created legal precepts associated with unreasonable risk of harm, but is inconsistent with the axioms of common sense."); *see also Washauer v. J.C. Penney Co.,* 2003-0642 (La. App. 1 Cir. 4/21/04), 879 So.2d 195, 199 ("A floor mat does not present a tripping hazard until or unless it is moved from its flat position on the floor. Therefore, in and of itself, the flat floor mat, even though unsecured, was not a dangerous condition."); *Attaway v. Albertsons Inc.,* 174 Fed.Appx. 240, 242 (5th Cir. 2006) ("A mat by the doors of a retail establishment is not, in and of itself, an inherently dangerous situation. Moreover, Louisiana courts have held that the failure to place mats inside an entranceway that can become slippery during a rainfall constitutes negligence."). But Ms. Barnett's Complaint says the rug was "buckle[d]." R. Doc. 1-2 at 2.

Ms. Barnett must make a "positive showing of the existence of the [buckle in the rug]" for some time period "prior to the fall." *Leger v. Wal-Mart La. LLC*, 343 F. App'x 953, 954 (5th Cir. 2009). "Mere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Bagley v. Albertson's, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (cleaned up). Thus, in question is whether Ms. Barnett can, on this record, point to a genuine dispute of material fact as to whether the allegedly buckled rug persisted on the floor for a period of time sufficient to support constructive notice. *See* La. R.S. § 9:2800.6(C)(1). She cannot.

No competent summary judgment evidence supports that the rug had any unsafe condition—like buckling—prior to Ms. Barnett's fall. Ms. Barnett's deposition cannot buttress this contention because she "never paid the rug no attention." R. Doc. 22-2 at 5. More fatally, the store surveillance video of the incident makes clear that no buckle existed in the rug prior to Ms. Barnett's "feet [getting] caught" in it. R. Doc. 19 (video); R. Doc. 1-2 at 1 (Complaint).

*Taylor v. Wal-Mart Stores, Inc.*, is instructive on this point. 464 F. App'x 337 (5th Cir. 2012) (per curiam). The Fifth Circuit in *Taylor,* when faced with a slip-and-fall captured on surveillance video, agreed with the district court that:

> The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks

would require this court to draw a series of impermissible inferences unsupported by this summary judgment record.

*Id.* at 339 (quoting *Taylor v. Wal-Mart Stores, Inc.,* No. 10-1503, 2011 WL 3439928 at *4 (E.D. La. Aug. 8, 2011) (Feldman, J.)). Likewise, the surveillance footage on this record shows nothing more than the passage of time and lacks any visual evidence of a buckled rug. *See* R. Doc. 19 at 00:00:00–01:00:14. Here is an illustrative snapshot from five seconds prior to Ms. Barnett's fall:



*Id.* at 01:00:11. The video depicts many other customers walking on the same rug without incident immediately prior to Ms. Barnett's fall, including her husband. *See id.* at 00:57:00–01:00:16. And here is the rug, again flat, milliseconds before her fall:



*Id.* at 1:00:15. Ultimately, Ms. Barnett has presented nothing on this record that an unsafe condition existed for some period of time prior to her fall.[1]  Bound by the patently protective character of Louisiana's Merchant Liability Act, the Court finds that the plaintiff fails to establish an essential element of her claim as required by Louisiana law and that Walmart is entitled to judgment as a matter of law.

### IV.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Walmart's Motion for Summary Judgment (R. Doc. 18) is **GRANTED**; Ms. Barnett's case is hereby **DISMISSED WITH PREJUDICE.**

**MONROE, LOUISIANA,** this 3rd day of February, 2025.

_____
Terry A. Doughty
United States District Judge

---

[1] There is, of course, a motorized accessibility scooter on part of the rug. *See id.* But it is clear from the video that this scooter did not cause Ms. Barnett's "damage" as defined by the Louisiana Merchant Liability Act, nor did she create a fact issue as to the same. So, summary judgment remains appropriate.